## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**ADECCO USA, INC.,**<br><br>Defendant | **Case No. 6:21-cv-0208**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

GreatGigz Solutions, LLC ("Plaintiff") hereby files this Original Complaint for Patent Infringement against Adecco USA, Inc. ("Defendant"), and alleges, upon information and belief, as follows:

## THE PARTIES

1.     GreatGigz Solutions, LLC is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 600 S. Dixie Highway, Suite 605, West Palm Beach, Florida 33401.

2.     Upon information and belief, Adecco USA, Inc. ("Adecco") is a domestic corporation organized and existing under the laws of Delaware, with a principal place of business located 10151 Deerwood Park Blvd., Ste. 101, Jacksonville, Florida 32256.  Adecco may be served through its registered agent in the State of Texas at CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

3.      Upon information and belief, Adecco sells and offers to sell products and services throughout the State of Texas, including in this judicial District, and introduces services via its infringing systems into the stream of commerce knowing and intending that they would be extensively used in the State of Texas and in this judicial District.   Upon information and belief, Adecco specifically targets customers in the State of Texas and in this judicial District.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over Defendant.  Defendant has continuous and systematic business contacts with the State of Texas.  Defendant directly conducts business extensively throughout the State of Texas, by distributing, making, using, offering for sale, selling, and advertising (including the provision of interactive web pages and apps) its services in the State of Texas and in this District.  Defendant has purposefully and voluntarily made its infringing systems available to residents of this District and into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in this District.

6.      Upon information and belief, Defendant maintains a regular and established place of business in the State of Texas and specifically within this District. Specifically, Defendant maintains an office in Waco, Texas (See Figure 1 below).



Figure 1[1]

7.    Venue is proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b).  As noted above, Defendant maintains a regular and established place of business in this District.

**PATENTS-IN-SUIT**

8.    GreatGigz Solutions, LLC is the owner, by assignment, of U.S. Patent Nos. 6.662,194 ("the '194 Patent"); 7,490,086 ("the '086 Patent"); 9,760,864 ("the '864 Patent"); and 10,096,000 ("the '000 Patent") (hereinafter collectively referred to as "the GGS Patents").

9.    The GGS Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

10.    The inventions described and claimed in the GGS Patents were invented by Raymond Anthony Joao.

---

[1] Source, as visited on March 4, 2021: https://www.adeccousa.com/locations/branches/texas-usa/?location=texas+%20usa&distance=50&latitude=31.9685988&longitude=-99.9018131

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                     3

11.     The priority date of each of the GGS Patents is at least as early as July 31, 1999.

12.     The GGS Patents each include numerous claims defining distinct inventions.

13.     During prosecution of the '864 Patent, the patent examiner considered whether the claims of the '864 Patent were eligible under 35 USC §101 in view of the United States Supreme Court's decision in *Alice*.  The patent examiner found that the claims are in fact patent eligible under 35 USC §101 because all pending claims are directed to patent-eligible subject matter, none of the pending claims are directed to an abstract idea and there would be no preemption of the abstract idea or the field of the abstract idea.

14.     GreatGigz Solutions, LLC alleges infringement on the part of Defendant of the '194 Patent and the '086 Patent (the "Asserted Patents").

15.     The '194 Patent relates generally to an apparatus and method for providing recruitment information, including a memory device for Storing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, and information regarding a job Search request, a processing device for processing information regarding the job Search request upon a detection of an occurrence of a Searching event, wherein the processing device utilizes information regarding the at least one of a job opening, a position, an assignment, a contract, and a project, Stored in the memory device, and further wherein the processing device generates a message containing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job Search request, and a transmitter for transmitting the message to a communication device associated with an individual in real-time.  *See* Abstract, '194 Patent.

16.     The '086 Patent relates generally to an apparatus, including a memory device which stores information regarding a job opening, position, assignment, contract, or project, and information

regarding a job search request or inquiry, a processing device which processing the information regarding a job search request or inquiry upon an automatic detection of an occurrence of a searching event which is an occurrence of a job posting, a posting of new or revised data or information, a news release of a business event, an employment-related event, an economic report, industry-specific news, an event which creates an to fill a position, or an event which creates an interest to seek a position, and generates a message, containing the information regarding a job opening, position, assignment, contract, or project, responsive to the job search request or inquiry, and a transmitter which transmits the message to a communication device associated with an individual. *See* Abstract, '086 Patent.

17.    As noted, the claims of the Asserted Patents claim priority to at least July 31, 1999.  At that time, the idea of launching Adecco.com was still several years away.

18.    The claims of the Asserted Patents are not drawn to laws of nature, natural phenomena, or abstract ideas.  Although the systems and methods claimed in the Asserted Patents are ubiquitous now (and, as a result, are widely infringed), the specific combinations of elements, as recited in the claims, was not conventional or routine at the time of the invention.

19.    Further, the claims of the Asserted Patents contain inventive concepts which transform the underlying non-abstract aspects of the claims into patent-eligible subject matter.

20.    Consequently, the claims of the Asserted Patents recite systems and methods resulting in improved functionality of the claimed systems and represent technological improvements to the operation of computers.

21.    The '194 Patent was examined by Primary United States Patent Examiner Franz Colby.  During the examination of the '194 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 705/1, 10, 11, 705/26, 707/104.1, 10, 3, and 103R.

22.     After conducting a search for prior art during the examination of the '194 Patent, the United

States Patent Examiner identified and cited the following as the most relevant prior art references

found during the search: (i) 5,164,897, 11/1992, Clark et al.; (ii)  5,832,497, 11/1998, Taylor;

(iii) 5,884.270, 3/1999, Walker et al.; (iv) 5,884.272, 3/1999, Walker et al.; (v) 5,978,768,

11/1999, McGovern et al.; (vi) 6,324,538, 11/2001, Wesinger, Jr. et al.; (vii) 6,332,125, 12/2001,

Callen et al.; (viii) 6,363,376, 3/2002, Wiens et al.; (ix) 6,370,510, 4/2002, McGovern et al.; (x)

6,381,592, 4/2002, Reuning; and (xi) 6,385,620, 5/2002, Kurzius et al.

23.     After giving full proper credit to the prior art and having conducted a thorough search for all

relevant art and having fully considered the most relevant art known at the time, the United

States Patent Examiner allowed all of the claims of the '194 Patent to issue.  In so doing, it is

presumed that Examiner Colby used his or her knowledge of the art when examining the claims.

*K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further

presumed that Examiner Colby has experience in the field of the invention, and that the

Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277

F.3d 1338, 1345 (Fed. Cir. 2002).

24.     The '086 Patent was examined by Primary United States Patent Examiner Jean M. Corrielus.

During the examination of the '086 Patent, the United States Patent Examiner searched for prior

art in the following US Classifications: 707/104.1, 707/3, 10, 103R, 1, 2, 4, 5, 705/1, 10, 11, and

705/26.

25.     After conducting a search for prior art during the examination of the '086 Patent, the United

States Patent Examiner identified and cited the following as the most relevant prior art references

found during the search: (i) 4,625,081, 11/1986, Lotito et al.; (ii) 5,164,897, 11/1992, Clark et

al.; (iii) 5,978,768, 11/1999, McGovern et al.; (iv) 6,370,510, 4/2002, McGovern et al.; (v)

6,381,592, 4/2002, Reuning; (vi) 6,385,620, 5/2002, Kurzius et al.; (vii) 6,567,784, 5/2003, Bukow; (viii) 6,662,194, 12/2003, Joao; (ix) 6,873,964, 3/2005, Williams et al.; (x) 7,148,991, 12/2006, Suzuki et al.; and (xi) 2003/020531, 6/2003, Parker.

26.     After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '086 Patent to issue.  In so doing, it is presumed that Examiner Corrielus used his or her knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Corrielus has experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

27.     The claims of the Asserted Patents are properly issued, valid, and enforceable.

## THE ACCUSED INSTRUMENTALITIES

28.     Upon information and belief, Defendant provides a web platform hosted on a server (www.adeccousa.com) comprising memory, processors, transmitters and/or receivers for the recruitment process where employers post jobs to hire candidates and candidates search for the relevant job opportunities ("Accused Instrumentalities"). A candidate makes a profile comprising professional and personal details along with the resume. To find jobs, candidates fill in the job title and the preferred geographic location (zip code) of their desired job.

## COUNT I
## Infringement of U.S. Patent No. 6,662,194

29.     Plaintiff incorporates the above paragraphs by reference.

30.     Defendant has been on actual notice of the '194 Patent at least as early as the date it received service of this Original Complaint.

31.    Upon information and belief, Defendant owns and controls the operation of the Accused Instrumentalities and generates substantial financial revenues therefrom.

32.    Upon information and belief, Defendant has directly infringed and continues to directly infringe at least Claims 1, 3, 7, 12 and 53 of the '194 Patent by making, using, importing, selling, and/or, offering for sale the Accused Instrumentalities.

33.    Upon information and belief, the Accused Instrumentalities comprise an apparatus for providing recruitment information.   For example, Defendant provides a web platform hosted on adeccousa.com server infrastructure comprising memory, processors, transmitters and/or receivers for the recruitment process where employers post jobs to hire the candidates and candidates search for the relevant job opportunities. Candidates make a profile comprising professional and personal details along with the resume. To find jobs, candidates fill in the job title and the preferred geographic location of the job.  *See* Figures 2-7 below.



Figure 2[2]

---

[2] Source, as visited on March 4, 2021: https://www.adeccousa.com/

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                    8



Figure 3[3]



Figure 4[4]



Figure 5[5]

---

[3] Source, as visited on January 28, 2021: , https://www.adeccousa.com/jobs/job-search/
[4] Source, as visited on March 4, 2021: https://www.adeccousa.com/working-with-a-staffing-agency/
[5] Source, as visited on March 4, 2021: https://www.adeccousa.com/myadeccoapp/

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                      9



Figure 6[6]



Figure 7[7]

34.     Upon information and belief, Defendant's Accused Instrumentalities include a memory device for storing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, and information regarding a job search request. For example, Defendant's

---

[6] Source, as visited on March 4, 2021: https://www.adeccousa.com/employers/
[7] Source, as visited on March 4, 2021: https://www.adeccousa.com/employers/staffing-solutions/staffing-services/

web platform hosted on an adeccousa.com server comprises storage to store and provide information regarding all available job opportunities ("a job opening, a position") posted by employers to candidates searching for a job. The candidate searches for the job using job title and/or location and in response gets the list of all relevant job openings stored in storage at server. *See* Figures 2-5 above. *See also* Figure 8 below.



Figure 8[8]

35.    Upon information and belief, Defendant's Accused Instrumentalities include a processing device for processing information regarding the job search request upon a detection of an occurrence of a searching event, wherein the processing device is programmed to detect the occurrence of the searching event, wherein the processing device utilizes information regarding the at least one of a job opening, a position, an assignment, a contract, and a project, stored in the memory device, and further wherein the processing device generates a message containing information regarding

---

[8] Source, as visited on January 28, 2021: https://www.adeccousa.com/jobs/job-search/

at least one of a job opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job search request. For example, Defendant's web platform hosted on an adeccousa.com server comprises processors to process the candidate's search request for available jobs ("job search request"). Defendant's platform allows candidates to do job searches where the candidates get options to put filters including but not limited to Category, State, City and Contract Type. Defendant's platform utilizes the stored information regarding the available jobs and gives a relevant list to the candidate ("message is responsive to the job search request") based on the job title, location, Category, State, City and/or Contract Type. Each job in the list when clicked shows the information regarding that job ("a message containing information regarding at least one of a job opening"). *See* Figures 4 and 5 above. *See also* Figures 9-12 below.



Figure 9[9]

---

[9] Source, as visited on January 28, 2021 (job search performed): https://www.adeccousa.com/



Figure 10[10]



Figure 11[11]

[10] Source, as visited on January 28, 2021 (job search performed): https://www.adeccousa.com/jobs/job-search/?k=engineer&l=new+york%2c+ny&xy=40.7128%2C-74.0060&display=10

[11] Source, as visited on January 28, 2021 (job search performed): https://www.adeccousa.com/jobs/job-search/?k=engineer&l=new+york%2c+ny&xy=40.7128%2C-74.0060&display=10

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT



Figure 12[12]

36.     Upon information and belief, Defendant's Accused Instrumentalities further include a transmitter for transmitting the message to a communication device associated with an individual, wherein the message is transmitted to the communication device in real-time. For example, after coming up with the results based on a candidate's search, Defendant's server, comprising a transmitter, transmits the results in real-time to a communication device including, but not limited to, a laptop, smartphone and/or tablet associated with the candidate. *See* Figures 5, 9, 11 and 12 above. *See also* Figure 13 below.



Figure 13[13]

---

[12] Source, as visited on January 28, 2021 (job search performed): https://www.adeccousa.com/jobs/maintenance-technician-north-bergen-new-jersey/?ID=US_EN_99_027647_1563462

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    14

37.     Upon information and belief, Defendant's Accused Instrumentalities are programmed such that they are activated automatically upon the occurrence of a searching event.

38.     Upon information and belief, the infringing "searching event" (*See* ¶ 34 above) is at least one of an occurrence of a new job posting by an employer or hiring entity, a posting of new or revised data or information from an individual or group of individuals, an event which creates an interest by an employer or hiring entity to fill a position, an event which creates an interest by an individual to seek a position, an occurrence of a recruitment initiating event, and a pre-defined or pre-specified at least one of date, time, time interval, and time period.

39.     Upon information and belief, Defendant's Accused Instrumentalities are utilized on or over at least one of the Internet, the World Wide Web, and a wireless communication network.

40.     Upon information and belief, Defendant's Accused Instrumentalities are programmed such that they store information regarding at least one of a job opening, a position, an assignment, a contract, and a project, and information regarding a job search request, in a memory device (*See* ¶ 34 above).

41.     Upon information and belief, Defendant's Accused Instrumentalities are programmed such that the processing device detects the occurrence of a searching event (*See* ¶ 35 above).

42.     Upon information and belief, Defendant's Accused Instrumentalities are programmed such that the processing device processes information regarding the job search request, and further to utilize information regarding the at least one of a job opening, a position, an assignment, a contract, and a project, stored in the memory device, in such processing (*See* ¶ 35 above).

43.     Upon information and belief, Defendant's Accused Instrumentalities are programmed such that the processing device generates a message containing information regarding at least one of a job

---

[13] Source, as visited on March 4, 2021: https://www.adeccousa.com/myadeccoapp/

opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job search request (*See* ¶ 35 above).

44. Upon information and belief, Defendant's Accused Instrumentalities are programmed such that the transmitter transmits the message to a communication device associated with an individual in real-time (*See* ¶ 36 above).

45. The foregoing infringement on the part of Defendant has caused injury to Plaintiff.  The amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '194 Patent.

46. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '194 Patent, such infringement is necessarily willful and deliberate.   Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '194 Patent post-notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

47. On information and belief, Defendant has a policy or practice of not reviewing the patents of others.  Further on information and belief, Defendant instructs its employees to not review the patents of others for clearance or to assess infringement thereof.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

48. Including because of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages.   Including based on the foregoing, Plaintiff requests an award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

49.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT II
## Infringement of U.S. Patent No. 7,490,086

50.     Plaintiff incorporates the above paragraphs by reference.

51.     Defendant has been on actual notice of the '086 Patent at least as early as the date it received service of this Original Complaint.

52.     Upon information and belief, Defendant owns and controls the operation of the Accused Instrumentalities and generates substantial financial revenues therefrom.

53.     Upon information and belief, Defendant has directly infringed and continues to directly infringe at least Claims 1, 5 and 14 of the '086 Patent by making, using, importing, selling, and/or, offering for sale the Accused Instrumentalities.

54.     Upon information and belief, the Accused Instrumentalities comprise an apparatus for providing recruitment information.  For example, Defendant provides an online employment service/portal which connects employers and job seekers and provides job opportunities to the job seekers.  *See* ¶ 33 above.

55.     Upon information and belief, Defendant's Accused Instrumentalities include a memory device, wherein the memory device stores information regarding at least one of a job opening, a position, an assignment, a contract, and a project, and further wherein the memory device stores information regarding a job search request or inquiry. For example, Defendant's web platform hosted on an adeccousa.com server comprises storage to store and provide information regarding all available job opportunities ("a job opening, a position") posted by employers to candidates searching for a job. The candidate searches for the job using job title and/or location and in response gets the list of all relevant job openings stored in storage at server. *See* ¶  34 above.

56.     Upon information and belief, Defendant's Accused Instrumentalities include a processing device, wherein the processing device processes the information regarding a job search request or inquiry upon a detection of an occurrence of a searching event, wherein the searching event is an occurrence of at least one of a job posting by at least one employer or at least one hiring entity, a posting of new or revised data or information from at least one individual or a group of individuals, a news release of a business event, an employment-related event, an economic report, industry-specific news, an event which creates an interest by at least one employer or at least one hiring entity to fill a position, and an event which creates an interest by at least one individual to seek a position, wherein the processing device automatically detects the occurrence of the searching event, wherein the processing device utilizes the information regarding at least one of a job opening, a position, an assignment, a contract, and a project, stored in the memory device in processing the information regarding a job search request or inquiry, and further wherein the processing device generates a message containing the information regarding at least one of a job opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job search request or inquiry. For example, Defendant's web platform hosted on an adeccousa.com server infrastructure comprises processors to process the candidate's search request for available jobs ("job search request"). To find jobs, candidates fill in the job title and the preferred geographic location of the job ("an employment-related event or an event which creates an interest by at least one individual to seek a position"). Further, Defendant's platform allows candidate to change job title, geographic location, Category, State, City and Contract Type ("a posting of new or revised data or information from at least one individual or a group of individuals"). Defendant's platform utilizes the stored information regarding the available jobs and gives a relevant list to the candidate ("message is responsive to the job search request")

based on the job title, location, Category, State, City and/or Contract Type. Each job in the list when clicked shows the information regarding that job ("a message containing information regarding at least one of a job opening"). *See* ¶ 35 above.

57. Upon information and belief, Defendant's Accused Instrumentalities include a transmitter, wherein the transmitter transmits the message to a communication device associated with an individual. For example, after coming up with the results based on a candidate's search, Defendant's server, comprising a transmitter, transmits the results to a communication device including, but not limited to, a laptop, smartphone and/or tablet associated with the candidate. *See* ¶ 36 above.

58. As described above (*see* ¶ 34 above), the infringing apparatus comprises a memory device, which stores information regarding an individual available for at least one of a job opening, a position, an assignment, a contract, and a project, and further wherein the memory device stores information regarding a job search request or inquiry. On information and belief, such information is transmitted to the memory device of the infringing apparatus via a receiver (*see* ¶ 33 above). Further on information and belief, such information originates from a communication device associated with the individual (via the related and/or linked web pages and mobile applications comprising the infringing apparatus), whereupon it is automatically received and stored by the infringing apparatus.

59. As described above (*see* ¶ 34), the infringing "searching event" is an occurrence of a posting of new or revised data or information from at least one individual or a group of individuals.

60. The foregoing infringement on the part of Defendant has caused injury to Plaintiff.  The amount of damages adequate to compensate for the infringement shall be determined at trial but is in no

event less than a reasonable royalty from the date of first infringement to the expiration of the '086 Patent.

61.     To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '086 Patent, such infringement is necessarily willful and deliberate.   Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '086 Patent post-notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

62.     On information and belief, Defendant has a policy or practice of not reviewing the patents of others.   Further on information and belief, Defendant instructs its employees to not review the patents of others for clearance or to assess infringement thereof.   As such, Defendant has been willfully blind to the patent rights of Plaintiff.

63.     Including because of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages.   Including based on the foregoing, Plaintiff requests an award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

64.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, GreatGigz Solutions, LLC respectfully requests the Court enter judgment against Defendant as follows:

1.      Declaring that Defendant has infringed each of the Asserted Patents;

2.      Awarding GreatGigz Solutions, LLC its damages suffered because of Defendant's infringement of the Asserted Patents;

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                   20

3.      Awarding GreatGigz Solutions, LLC its damages suffered because of Defendant's willful infringement of the Asserted Patents;

4.      Awarding GreatGigz Solutions, LLC its costs, attorneys' fees, expenses, and interest;

5.      Awarding GreatGigz Solutions, LLC ongoing post-trial royalties; and

6.      Granting GreatGigz Solutions, LLC such further relief as the Court finds appropriate.

## JURY DEMAND

GreatGigz Solutions, LLC demands trial by jury, under Fed. R. Civ. P. 38.


Dated:  March 4, 2021                                    Respectfully Submitted

                                                        */s/ René A. Vazquez*
                                                        René A. Vazquez
                                                        Virginia Bar No. 41988
                                                        rvazquez@ghiplaw.com
                                                        M. Scott Fuller
                                                        Texas Bar No. 24036607
                                                        sfuller@ghiplaw.com
                                                        Randall Garteiser
                                                        Texas Bar No. 24038912
                                                        rgarteiser@ghiplaw.com
                                                        Christopher Honea
                                                        chonea@ghiplaw.com
                                                        Texas Bar No.  24059967
                                                        Thomas Fasone III
                                                        Texas Bar No. 00785382
                                                        tfasone@ghiplaw.com

                                                        **GARTEISER HONEA, PLLC**
                                                        119 W. Ferguson Street
                                                        Tyler, Texas 75702
                                                        Telephone: (903) 705-7420
                                                        Facsimile: (888) 908-4400

                                                        **ATTORNEYS FOR
                                                        GREATGIGZ SOLUTIONS, LLC**

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    21